# Exhibit 5

Case 1:21-cv-06755-JPO Document 35-5 Filed 12/23/21 Page 2 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------x

QUENTIN MAYO and KOWAHNI JACOBS,

Plaintiff(s),

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

Defendant(s).

-------------------------------------------------------------------------x

**SUMMONS**

*Index No.:*
*Date Purchased:*

*Plaintiff designates* Bronx
County as the place of trial

*Basis of Venue:* Venue
provisions CPLR 505 pursuant to
Public Authority Law

*Residence of Plaintiff:*
PO Box 1074
Kahnawake, Quebec J0L1B0

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     NEW YORK, NEW YORK
           MAY 9, 2018

SACKS AND SACKS, LLP

By:  DAVID H. MAYER, ESQ.
*Attorney(s) for Plaintiff*
*Office and Post Office Address*
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

Defendant(s) Address(es):

**PORT AUTHORITY OF NEW YORK AND NEW
JERSEY**
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10006

Case 1:21-cv-06755-JPO   Document 35-5   Filed 12/23/21   Page 3 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------------x
QUENTIN MAYO and KOWAHNI JACOBS,

       *Plaintiff(s),*      ***VERIFIED COMPLAINT***

    *-against-*

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,  ***Index No.:***

       *Defendant(s).*

-----------------------------------------------------------------------------x

    Plaintiff, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF
### OF PLAINTIFF, QUENTIN MAYO

  <u>**FIRST**</u>:   That at all times herein mentioned, defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is a public authority duly organized and existing under and by virtue of the laws of the States of New York and New Jersey.

  <u>**SECOND**</u>:  That at all times herein mentioned herein, within ten months after the cause of action herein accrued, plaintiff served upon the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** on the 23rd day of January 2018 a Notice of Claim setting forth the time when, the place where and the manner in which the claim arose so far as practical.  To date, the Comptroller for the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, has not offered any adjustment of said claim.  This action is being commenced within one year after the cause of action herein accrued.

  <u>**THIRD**</u>:   That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is the owner of premises under construction at the LaGuardia Airport, Concourse B, in the Borough of Queens, City and State of New York.

  <u>**FOURTH**</u>:  That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** entered into a contract with Skanska/Walsh, JV for

Skanska/Walsh, JV to perform work, labor and services at the aforesaid premises.

**FIFTH**:        That on the 21st day of January 2018, while plaintiff, **QUENTIN MAYO** was lawfully upon the aforesaid premises as an employee of the aforesaid Skanska/Walsh, JV he was caused to sustain serious and severe injuries.

**SIXTH**:        The occurrence as aforesaid was caused solely and wholly by the reason of negligence, carelessness and recklessness of the PORT AUTHORITY OF NEW YORK AND NEW JERSEY and its contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises.   While claimant was lawfully performing his duties, he was caused to be struck by a steel beam that was improperly hoisted and improperly secured causing him to sustain catastrophic injuries. The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, its contractors, agents and employees failed to ensure that dunnage was properly secured and placed to secure steel beams against movement, slippage and/or collapse; further, failed to ensure that beams were properly hoisted and secured against movement, slippage and/or collapse; further, failed to properly inspect steel beams before setting same into motion to ensure the beam was balanced and/or secured; further, failed to mark the beams with the proper center of gravity; further, failed to ensure against the sudden acceleration and/or deceleration of a moving load; further, engaged in dangerous and/or hazardous hoisting operations causing the beam to flip over landing on plaintiff's right lower extremity causing bone, muscle, tendon, and ligament damage; further, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-2.1, 23-1.30, 23-2.3, 23-6, 23-8, 23-8.1, 23-8.2, 23-8.3, 23-8.4, 23-8.5, Article 1926 of O.S.H.A. and was otherwise negligent careless and reckless, causing claimant to sustain serious and severe injuries.

**SEVENTH**:        Claimant was free from comparative fault.

**EIGHTH**:        As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home; was caused to expend large sums of money

for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**NINTH**:        The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, KOWAHNI JACOBS,

**TENTH**:        Plaintiff, **KOHWANI JACOBS**, repeats, reiterates and realleges each and every allegation contained in Paragraphs "**FIRST**" through "**NINTH**" with the same force and effect as if herein fully set forth at length.

**ELEVENTH**:   That at all times hereinafter mentioned, plaintiff, **KOWAHNI JACOBS**, is the wife of plaintiff, and resides with him.

**TWELFTH**:    By reason of the occurrence as aforesaid and the injuries sustained by the plaintiff, **QUENTIN MAYO**, the plaintiff, **KOWAHNI JACOBS**, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband, the plaintiff, **QUENTIN MAYO**, and her happiness in his society has been impaired.

**THIRTEENTH**:        The amount of damages sought by plaintiff, **KOWAHNI JACOBS** exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, **KOWAHNI JACOBS**, demands relief against the defendants herein.

**SACKS AND SACKS, LLP**
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

**ATTORNEY'S VERIFICATION BY AFFIRMATION**

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York

State, and say that:  I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the

contents thereof and the same are true to my knowledge, except those matters therein which are

stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a

County other than where deponent maintains his office.

DATED:      NEW YORK, NEW YORK
            MAY 9, 2018

                                          _____
                                          DAVID H. MAYER ESQ.

Case 1:21-cv-06755-JPO Document 35-5 Filed 12/23/21 Page 7 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*SUPPLEMENTAL SUMMONS*

------------------------------------------------------------------x

QUENTIN MAYO and KOWAHNI JACOBS,

*Index No.: 25429/2018E*
*Date Purchased: May 9, 2018*

        *Plaintiff(s),*

*Plaintiff designates* Bronx
County as the place of trial

    -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY
and  LAGUARDIA GATEWAY PARTNERS,

*Basis of Venue:* Venue
provisions CPLR 505 pursuant to
Public Authority Law

        *Defendant(s).*

*Residence of Plaintiff:*
PO Box 1074
Kahnawake, Quebec J0L1B0

------------------------------------------------------------------x

To the above named Defendant(s):

        You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    NEW YORK, NEW YORK
          July 23, 2018

SACKS AND SACKS, LLP

By:  DAVID H. MAYER, ESQ.
*Attorney(s) for Plaintiff*
*Office and Post Office Address*
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

Defendant(s) Address(es):

**PORT AUTHORITY OF NEW YORK
AND NEW JERSEY**
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10006

**LAGUARDIA GATEWAY PARTNERS**
LaGuardia Airport CTB
ROOM #3862
New York, New York 11371

Case 1:21-cv-06755-JPO   Document 35-5   Filed 12/23/21   Page 8 of 15

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York

State, and say that:  I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s), I have read the annexed **SUPPLEMENAL SUMMONS** know the contents thereof

and the same are true to my knowledge, except those matters therein which are stated to be

alleged on information and belief, and as to those matters I believe them to be true.  My belief, as

to those matters therein not stated upon knowledge, is based upon the following:  facts,

investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a

County other than where deponent maintains his office.

DATED:       NEW YORK, NEW YORK
             JULY 23, 2018

                                              _____
                                              **DAVID H. MAYER ESQ.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
QUENTIN MAYO and KOWAHNI JACOBS,                 Index No.:

                 *Plaintiff(s),*

      *-against-*

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

              *Defendant(s).*

-------------------------------------------------------------------x

## SUPPLEMENTAL SUMMONS

**Sacks and Sacks, LLP**
150 Broadway, 4th Floor
New York, New York 10038
(212) 964-5570

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------x

QUENTIN MAYO and KOWAHNI JACOBS,

                          Plaintiff(s),

         -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY
and  LAGUARDIA GATEWAY PARTNERS,

                        Defendant(s).

----------------------------------------------------------------------x

                      ***AMENDED VERIFIED COMPLAINT***

                      ***Index No.: 25429/2018E***

Plaintiff, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, QUENTIN MAYO

**FIRST**:      That at all times herein mentioned, defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is a public authority duly organized and existing under and by virtue of the laws of the States of New York and New Jersey.

**SECOND**:      That at all times herein mentioned, defendant, **LAGUARDIA GATEWAY PARTNERS** was and still is a private authority duly organized and existing under and by virtue of the laws of the States of New York and New Jersey.

**THIRD**:      That at all times herein mentioned herein, within ten months after the cause of action herein accrued, plaintiff served upon the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** on the 23rd day of January 2018 a Notice of Claim setting forth the time when, the place where and the manner in which the claim arose so far as practical. To date, the Comptroller for the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, has not offered any adjustment of said claim. This action is being commenced within one year after the cause of action herein accrued.

**FOURTH**:      That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is the owner of premises under construction at the LaGuardia Airport, Concourse B, in the Borough of Queens, City and State of New York.

**FIFTH**: That at all times herein mentioned, defendant, **LAGUARDIA GATEWAY PARTNERS** was and still is the owner of premises under construction at the LaGuardia Airport, Concourse B, in the Borough of Queens, City and State of New York.

**SIXTH**:      That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** entered into a contract with Skanska/Walsh, JV for Skanska/Walsh, JV to perform work, labor and services at the aforesaid premises.

**SEVENTH**:      That at all times herein mentioned, defendant, **LAGUARDIA GATEWAY PARTNERS** entered into a contract with Skanska/Walsh, JV for Skanska/Walsh, JV to perform work, labor and services at the aforesaid premises.

**EIGHTH**:      That on the 21st day of January 2018, while plaintiff, **QUENTIN MAYO** was lawfully upon the aforesaid premises as an employee of the aforesaid Skanska/Walsh, JV he was caused to sustain serious and severe injuries.

**NINTH**:      The occurrence as aforesaid was caused solely and wholly by the reason of negligence, carelessness and recklessness of the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** and its contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises.  While claimant was lawfully performing his duties, he was caused to be struck by a steel beam that was improperly hoisted and improperly secured causing him to sustain catastrophic injuries. The **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, its contractors, agents and employees failed to ensure that dunnage was properly secured and placed to secure steel beams against movement, slippage and/or collapse; further, failed to ensure that beams were properly hoisted and secured against movement, slippage and/or collapse; further, failed to properly inspect steel beams before setting same into motion to ensure the beam was balanced and/or secured; further, failed to mark the beams with the proper center of gravity; further, failed to ensure against the sudden acceleration

and/or deceleration of a moving load; further, engaged in dangerous and/or hazardous hoisting operations causing the beam to flip over landing on plaintiff's right lower extremity causing bone, muscle, tendon, and ligament damage; further, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-2.1, 23-1.30, 23-2.3, 23-6, 23-8, 23-8.1, 23-8.2, 23-8.3, 23-8.4, 23-8.5, Article 1926 of O.S.H.A. and was otherwise negligent careless and reckless, causing claimant to sustain serious and severe injuries.

**TENTH**:     The occurrence as aforesaid was caused solely and wholly by the reason of negligence, carelessness and recklessness of the **LAGUARDIA GATEWAY PARTNERS** and its contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises.   While claimant was lawfully performing his duties, he was caused to be struck by a steel beam that was improperly hoisted and improperly secured causing him to sustain catastrophic injuries. **LAGUARDIA GATEWAY PARTNERS**, its contractors, agents and employees failed to ensure that dunnage was properly secured and placed to secure steel beams against movement, slippage and/or collapse; further, failed to ensure that beams were properly hoisted and secured against movement, slippage and/or collapse; further, failed to properly inspect steel beams before setting same into motion to ensure the beam was balanced and/or secured; further, failed to mark the beams with the proper center of gravity; further, failed to ensure against the sudden acceleration and/or deceleration of a moving load; further, engaged in dangerous and/or hazardous hoisting operations causing the beam to flip over landing on plaintiff's right lower extremity causing bone, muscle, tendon, and ligament damage; further, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-2.1, 23-1.30, 23-2.3, 23-6, 23-8, 23-8.1, 23-8.2, 23-8.3, 23-8.4, 23-8.5, Article 1926 of O.S.H.A. and was otherwise negligent careless and reckless, causing claimant to sustain serious and severe injuries.

**ELEVENTH**:   Claimant was free from comparative fault.

**TWELFTH:**    As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**THIRTEENTH:**    The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE,** the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF
## OF PLAINTIFF, KOWAHNI JACOBS,

**FOURTEENTH:**    Plaintiff, **KOHWANI JACOBS**, repeats, reiterates and realleges each and every allegation contained in Paragraphs **"FIRST"** through **"THIRTEENTH"** with the same force and effect as if herein fully set forth at length.

**FIFTEENTH:**  That at all times hereinafter mentioned, plaintiff, **KOWAHNI JACOBS**, is the wife of plaintiff, and resides with him.

**SIXTEENTH:**  By reason of the occurrence as aforesaid and the injuries sustained by the plaintiff, **QUENTIN MAYO**, the plaintiff, **KOWAHNI JACOBS**, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband, the plaintiff, **QUENTIN MAYO**, and her happiness in his society has been impaired.

**SEVENTEENTH:**    The amount of damages sought by plaintiff, **KOWAHNI JACOBS** exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, **KOWAHNI JACOBS**, demands relief against the defendants herein.

**SACKS AND SACKS, LLP**
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York

State, and say that:  I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s), I have read the annexed **AMENDED VERIFIED COMPLAINT** know the contents

thereof and the same are true to my knowledge, except those matters therein which are stated to

be alleged on information and belief, and as to those matters I believe them to be true.  My belief,

as to those matters therein not stated upon knowledge, is based upon the following:  facts,

investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a

County other than where deponent maintains his office.

DATED:        NEW YORK, NEW YORK
              July 23, 2018

_____
**DAVID H. MAYER ESQ.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
QUENTIN MAYO and KOWAHNI JACOBS,                    Index No.:

                            Plaintiff(s),

            -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                            Defendant(s).

-----------------------------------------------------------------x


## AMENDED VERIFIED COMPLAINT


**Sacks and Sacks, LLP**
150 Broadway, 4th Floor
New York, New York 10038
(212) 964-5570